United States District Court
District of Massachusetts

Docket No. _____

Alexander Villar, Pro Se,
Plaintiff;

v.

Massachusetts Department of Correction;
Thomas Turco;
Steven Silva;
John Doe I;
John Doe II; and
John Doe III,
Defendants.

Verified Civil Action Complaint With
A Jury Demand

I. Introduction:

1. This is a Civil Action brought by the Plaintiff, an incarcerated person, against the Massachusetts Department of Correction ("D.O.C.");

Thomas Turco as the Commissioner of the D.O.C.; Steven Silva the former Superintendent at the Souza-Baranowski Correctional Center ("S.B.C.C"); And John Does I, II and III, Corrections officers at the S.B.C.C. (Collectively known as "the Defendants").

2. Plaintiff alleges that, by and through a pattern of practices, Defendants D.O.C.; Thomas Turco, and Steven Silva have either created, encouraged and/or ratified an environment of lawlessness by prison guards which paved the way for Defendants John Doe I; John Doe II; and John Doe III to racially discriminate against Plaintiff, Resulting in Plaintiff suffering both a physical and mental/emotional injury.

3. Plaintiff is before this Honorable Court seeking a declaratory judgment and damages.

## II. Exhaustion of Administrative Remedies:

4. Pursuant to the provisions of G.L.ch. 127, § 38; 42 U.S.C. § 1997a(e); And 103 CMR 491.00 Plaintiff has properly exhausted all available administrative remedies. (Exhibits 1 and 2)

## III. Jurisdiction:

5. Plaintiff invokes the jurisdiction of this Court pursuant to G.L.ch. 127, § 32; G.L.ch. 231A; 28 U.S.C § 1331; 28 U.S.C. § 1367; And 42 U.S.C. § 1983. Plaintiff further invokes the jurisdiction of this Court under the First, Eighth and Fourteenth Amendments to the United States

-2-

Constitution; G.L. ch. 93, § 102, 28 U.S.C. §§ 1343 and 2201, and 42 U.S.C. 1981.

## IV. Parties:

6. Plaintiff, Alexander Villar ("Plaintiff" and/or "Villar") has a current mailing address of: P.O. Box 8000, Shirley, MA 01464;

7. Defendant, D.O.C. has a last known business address of: 50 Maple Street, Suite 3, Milford, MA 01757-3698;

8. Defendant, Thomas Turco ("Turco"), at all times material to this action, was the Commissioner of the D.O.C., and has a last known business address of: 50 Maple Street, Suite 3, Milford, MA 01757-3698;

9. Defendant, Steven Silva ("Silva"), at all times material to this action, was the Superintendent at the Souza-Baranowski Correctional Center ("S.B.C.C."), and has a last known mailing address of: P.O. Box 1218, Shirley, MA 01464;

10. Defendant, John Doe I ("Doe I"), at all times material to this action, was the Unit Sergeant at S.B.C.C., and has a last known mailing address of: P.O. Box 8000, Shirley, MA 01464;

11. Defendant, John Doe II ("Doe II"), at all times material to this action, was a Correctional Officer at S.B.C.C., and has a last known mailing address of: P.O. Box 8000, Shirley, MA 01464;

12. Defendant, John Doe III ("Doe III"), at all times material to this action, was a Correctional Officer at S.B.C.C., and has a last known mailing address of: P.O. Box 8000, Shirley, MA 01464.

13. Each defendant, who is a person, is being sued in her/his individual and official capacities, as they acted under color of state law.

V. Facts:

14. Prior to March 24, 2017 there had been more than 100 complaints, grievances, letters, reports and/or lawsuits filed regarding the improper conduct of staff and/or the unsafe conditions at the S.B.C.C.

15. The volume of complaints, grievances, letters, reports and/or lawsuits filed regarding the improper conduct of staff and/or the unsafe conditions at the S.B.C.C. gave defendants D.O.C.; and Silva constructive knowledge that a substantial risk of harm to Plaintiff existed at the S.B.C.C.

16. Defendants D.O.C., Turco, and Silva acted with a deliberate indifference to the substantial risk of harm to Plaintiff.

17. On March 24, 2017 Plaintiff was a prisoner at the S.B.C.C. housed in the "N-1" housing unit.

18. On March 24, 2017 Defendant Doe I was the Sergeant of the N-1 unit, while Doe II and Doe III were the N-1 unit officers.

19. On March 24, 2017 Defendants Doe I, Doe II and Doe III were charged with overseeing the immediate orderly running and operations of the N-1 unit, and the immediate care, custody and well-being of the Plaintiff.

20. Plaintiff is an African-American.

21. Defendants, Doe I, Doe II and Doe III do not outwardly appear African-American, but appear Caucasian.

22. On March 24, 2017 the sewage drain outside of Plaintiff's cell began to back up releasing raw sewage water with feces, bugs and other unknown items/objects onto the unit floor.

23. Plaintiff was locked securely in Plaintiff's cell at the time of this sewage breach.

24. This contaminated sewage, in large amounts, began to enter into Plaintiff's cell, as well as the cells of a number of other prisoners.

25. Plaintiff requested to be able to clean out Plaintiff's cell, and was repeatedly told no by Defendants Doe I, Doe II and Doe III.

26. While depriving Plaintiff the opportunity to clean this sewage from Plaintiff's cell, Defendants Doe I, Doe II and Doe III permitted a number of Caucasian prisoners to clean the sewage from their cells.

27. Defendants, Doe I, Doe II and Doe III were deliberately indifferent to the clear and obvious substantial risk of harm posed to Plaintiff by this sewage in Plaintiff's cell.

28. At approximately 11:45 AM on March 24, 2017 Plaintiff's cell door was opened for the lunch period, at which time Plaintiff was to exit Plaintiff's cell, go retrieve Plaintiff's food, and return to the cell with the food.

29. Upon attempting to exit the cell to go get Plaintiff's food, Plaintiff slipped and fell in the sewage hard, hitting Plaintiff's head

twisting Plaintiff's ankle and injuring Plaintiff's back.

30. Defendants, Doe I, Doe II, and Doe III, left Plaintiff laying on the floor in the sewage for what seemed, to Plaintiff, to be approximately twenty (20) minutes before calling for medical assistance for Plaintiff.

31. Plaintiff was subsequently carried away to the Health Services Unit ("H.S.U.") on a gurney (Exhibit 3), transported to an outside hospital's Emergency Room (Exhibit 4), and diagnosed with a concussion (Exhibit 5).

32. Plaintiff was caused to spend several days in the hospital/H.S.U. and prescribed medications.

33. As a direct and/or proximate result of the Defendants' actions and/or omissions, Plaintiff suffered, and continue to suffer, from headaches; dizziness; back pains; impairment of thoughts and concentration; loss of appetite; insomnia; night terrors; impairment of vision and hearing; humiliation and embarrassment; anxieties; agoraphobia; panic attacks; hyperventilation; abnormal heartbeats; unsteady gait; vomiting and other symptoms.

## VI. Cause of Action:

### Count I
### Plaintiff Was Subjected To Cruel And Unusual Punishment In Violation Of The Eighth Amend.

34. Plaintiff incorporates paragraphs 1 through 33 as though

-6-

they were stated fully herein.

35. Defendants Doe I, Doe II and Doe III violated Plaintiff's Eighth Amendment Right to be free from Cruel and Unusual punishment by subjecting Plaintiff to Racial discrimination, Causing Plaintiff to be and remain in unsanitary conditions and leaving Plaintiff in sewage injured for a period of time prior to Calling for Medical assistance for the Plaintiff.

### Count II
### Plaintiff's Right to be Protected From Foreseeable Danger(s) Was Violated

36. Plaintiff incorporates paragraphs 1 through 35 as though they were stated fully herein.

37. Defendants D.O.C.; Turco; and Silva, by creating an environment of lawlessness by the guards, knew or reasonably should have known that Plaintiff would be at Risk of harm at S.B.C.C., and failed to take steps to protect the Plaintiff, Resulting in Plaintiff being injured.

38. Defendants Doe I, Doe II and Doe III, by refusing to allow Plaintiff to clean up the sewage ignored and disregarded a known and present danger to Plaintiff and failed to protect Plaintiff from such, resulting in Plaintiff being injured.

### Count III
### Defendants Acted With A Deliberate Indifference

39. Plaintiff incorporates paragraphs 1 through 38 as though they were stated fully herein.

40. Defendants D.O.C., Turco and Silva, having knowledge of the substantial risk of harm to Plaintiff, acted with a deliberate indifference to Plaintiff's well-being, resulting in harm/injury to the Plaintiff.

41. Defendants Doe I; Doe II and Doe III, having knowledge of the substantial risk of harm to Plaintiff by leaving the sewage on the floor uncleaned, acted with a deliberate indifference to Plaintiff's well-being, resulting in harm/injury to the Plaintiff.

Count IV
Plaintiff was Racially Discriminated Against

42. Plaintiff incorporates paragraphs 1 through 41 as though they were stated fully herein.

43. Defendants Doe I; Doe II and Doe III, by allowing a number of Caucasian prisoners to clean the sewage from their cells but denying the African-American Plaintiff to do the same, subjected Plaintiff to racial discrimination in violation of the Constitution, resulting in harm/injury to Plaintiff.

VII. Prayers For Relief:

44. Wherefore, Plaintiff respectfully prays this Court:
   A. By way of Memorandum and decision, declare that the acts and/or omissions described herein violated

-8-

Plaintiff's Rights under the Constitution and laws of the United States;

B. Order Defendants to pay Compensatory and punitive damages;

C. Order Defendants to pay Reasonable Attorney fees and costs;

D. Grant Plaintiff all other just and equitable relief that this Honorable Court deems necessary;

E. Plaintiff Respectfully demands a jury trial on all issues so triable.

By The Plaintiff,

*Alex Villar*

Alexander Villar #W-107869
P.O. Box 8000
Shirley, MA 01464

December 09, 2020

VIII. Verification:

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 03rd, 2020.

*Alex Villar*
Alexander Villar

-9-